UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JEFF BINKLEY, | ) | CASE NO. 1:19-cv-0864 |
|---|---|---|
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| ANDREW W. SAUL, Commissioner of Social Security, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 20), supported by documentation, for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $2,887.46 in attorney's fees and $0.00 in costs. For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On April 18, 2019, plaintiff filed this action seeking judicial review of defendant's denial of his application for Supplemental Security Income. On November 8, 2019, on the parties' joint stipulation, the case was remanded to the Commissioner pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), with instructions to the Appeals Council to instruct the Administrative Law Judge to reweigh the opinions of record, offer the claimant a new hearing, take further action to complete the administrative record, and issue a new decision. (Doc. Nos. 18, 19.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 14.75 hours of legal services performed between March 22, 2019 and November 12, 2019, including the typical legal services of reviewing the administrative record, reviewing medical records, telephone calls, briefing, reviewing court orders, and the like.[1] The Court finds both the amount and the nature of these legal services to be reasonable.

---

[1] The hours do not include time spent reviewing electronically filed documents, notices, and documents related to the processing of the complaint. (Doc. No. 20-2 at 578 [all page numbers are the Page ID# applied by CMECF].)

Plaintiff's counsel indicates a billing rate of $195.76/hour. That rate would be an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). The average CPI-U for the period in which plaintiff's counsel provided services in this case (that is, through October 2019) is 237.573. Dividing this number by 151.7 (the CPI for March 1996) results in a cost of living calculation of 1.566 (*i.e.*, 237.573 ÷ 151.7 = 1.566). Multiplying $125 by 1.566 results in an adjusted hourly rate of $195.76.

In light of these facts and calculations, the Court finds that the $2,887.46 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to direct payment of the award (or the balance thereof) to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and his counsel. (*See* Doc. No. 20-1.)

### III. CONCLUSION

For the reasons set forth herein, the Court grants the parties' stipulation (Doc. No. 20) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $2,887.46 in attorney's fees and $0.00 in costs, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**